November 14, 2018

The Honorable Judge Batts
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: <u>Benthos v. Etra and Evans 18CV9401</u>

Dear Judge Batts,

This is submitted in response to Benthos' Order to Show Cause for Arbitration filed in this Court

First of all, I would ask that the Case be dismissed as there is no contractual obligation between Benthos Master Fund and myself. There is also no contract with Benthos for Seller, Dmitri Kaslov. Mr. Kaslov's contract is with Valkyrie Group, LLC and Valkyrie's contract is with the petitioner Benthos Master Fund Ltd.

We have the contracts showing this relationship, but ask that the information contained therein as to the contact details be held confidentially, as well as the private wallet numbers, and profit percentages, none of which affect the viewing of the contract in any way as to its essence.

For any reason, should it come to the point where the Court requires the redacted information exposed, it is respectfully requested that an *in camera* hearing be held at that time so the Court can decide whether the redactions are appropriate or not to protect the confidential details, that would also protect the integrity of the transaction and various intermediaries to whom we promised confidentiality.

Further, I would like this Court to understand that unlike what it may appear, this is my only bitcoin transaction, and the amount in the original contract with Dmitri Kaslov and Valkyrie Group LLC was for 3,000 bitcoins, with a minimum transfer of 1,000. The contract Valkyrie Group has with Benthos was for $5,000,000 worth of Bitcoins, which would have been about 750 Bitcoins, and because it was shy of the 1,000 mark, the transaction could not be done, although there was an attempt to move ahead by the storage facilitator, however, in spite of his diligent efforts, he informed us that he was not able to get around the system minimum.

Valkyrie informed us that $5,000,000 was Benthos' transaction limit, so they would not be doing the additional 250btcs to complete the 1,000 storage facility limit. At that time, Valkyrie did not have another buyer to take the difference, so although not our contractual obligation, both Aaron Etra [as well as Valkrie], have tried to secure an additional buyer for a minimum of

250 bitcoins so both deliveries can occur simultaneously, and this matter would be over with a good result for everyone.

There have been delays on getting this second part done for various reasons, one client going through a difficult divorce, another wanting to send their money overseas when the escrow account was in New York, etc.. Nonetheless we persisted and it is just this week that we have received a signed contract from Valkyrie Group, the Seller in the Benthos Master Fund contract, for another buyer to take the remaining 250 bitcoins, completing the 1,000 minimum, and we believe this could now finally come to an end.

We have worked non-stop on this and apologize for the unavoidable delays, and will cooperate in any way to get this done. The only profits to be had are when the transaction is complete and the buyer has their coins.

I therefore respectfully ask this Court to dismiss this case because I am not a party to the contract with Benthos Master Fund, and if not dismissed, order an *in camera* hearing on the documents before any private contracts or contact information is distributed. I care deeply about this and want nothing more than to see this transaction completed, and will work with both sides to get this done.

Sincerely,

Tracy Evans
212-228-4507