UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                             :

**BENTHOS MASTER FUND, LTD.,**                 :

                                                             :
                                       Petitioner,      :
                                                             :      Case No. 18-cv-9401 (DAB)
                       - against -                     :

                                                             :

**AARON ETRA and**                               :
**JANE DOE, A/K/A "TRACY EVANS,"**        :
                                                             :
                                          Respondents.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF JOSHUA KALLMAN BROMBERG
IN SUPPORT OF MOTION FOR CONTEMPT**

I, Joshua Kallman Bromberg, declare the following:

1.      I am an attorney with the firm of Kleinberg, Kaplan, Wolff & Cohen, P.C., attorneys for Benthos Master Fund, Ltd. ("Petitioner"), petitioner in the above captioned action. I am fully familiar with the facts and circumstances set forth herein, and have personal knowledge thereof.

2.      I submit this declaration in support of Petitioner's motion for an order: (a) holding respondent Aaron Etra ("Etra") in civil contempt for failure to comply with the orders of the Court dated October 15, 2018 (Castel, J.) (Dkt. 4) and October 19, 2018 (Batts, J.) (Dkt. 8); and (b) assessing sanctions against Etra for making willful misrepresentations to the Court in a hearing held on November 15, 2018; and (c) awarding Petitioner such other and further relief as the Court deems just and proper.

3.      Petitioner commenced this action by the filing of a Petition For Preliminary Injunctive Relief In Aid of Arbitration against Etra and Tracy Evans ("Evans" and together with Etra, "Respondents") on October 15, 2018 (Dkt. 1) (the "Petition"). On the same date, the Court

(Castel, J.) entered an Order to Show Cause and Temporary Restraining Order (Dkt. 4) (the "Order to Show Cause") enjoining and restraining Respondents from transferring or otherwise disposing of any portion of the $5 million previously deposited by Petitioner into Etra's attorney escrow account, and requiring Respondents to file any answering papers by 5 p.m. on October 22, 2018 and to appear before the Honorable Deborah A. Batts at 2 p.m. on October 25, 2018.

4.  Respondents were served with the Order to Show Cause on October 15, 2018, by email and Federal Express to Etra, and by email to Evans, as directed by the Court in the Order to Show Cause. Petitioner filed an affidavit of service on the same date (Dkt. 3) evidencing service of the Order to Show Cause upon both Respondents.

5.  On October 17, 2018, Evans filed a letter with the Court requesting an adjournment of the scheduled hearing to November 20, 2018 "to both prepare any responses and/or to find a Federal Court attorney, as I do not know or have any at this moment." Dkt. 5. Petitioner opposed this request by letter dated October 18, 2017. *See* Dkt. 6.

6.  On October 19, 2018, the Court entered an order (Dkt. 8) (the "October 19 Order") which read, in relevant part, as follows:

> The Temporary Restraining Order is extended until November 15, 2018 at 2:30 p.m., at which time the Preliminary Injunction hearing shall go forward. Defendants shall obtain counsel prepared to proceed on November 15, 2018, or the case shall proceed with Defendants pro se. Defendants shall submit all information ordered in the [Order to Show Cause] on or before Friday, October 26, 2018 at 5:00 p.m. The Temporary Restraining Order restraining Defendants from removing or transferring any additional funds remains in full effect until November 15, 2018 at 2:30 p.m.

7.  Respondents were served with the October 19 Order by email on the same date, and Petitioner filed an affidavit of service (Dkt. 9) evidencing service of the October 19 Order upon both Respondents.

8. Respondents provided no information by the Court's deadline of October 26, 2018 at 5:00 p.m.

9. Respondents did not contact Petitioner's counsel regarding the Order to Show Cause or the October 19 Order, and neither Respondent filed any opposition to the Order to Show Cause prior to the scheduled hearing before the Honorable Deborah A. Batts at 2:30 p.m. on November 15, 2018 (the "Hearing").

10. In the courtroom prior to the Hearing on November 15, 2018, Mr. Etra handed to the Court's deputy clerk an email purporting to be from Michael Hess, in which Mr. Hess claimed to be severely ill and requested an adjournment of the Hearing. I was shown the email briefly by Mr. Etra, but was not provided with a copy.

11. The hearing took place at approximately 3:05 p.m. on November 15, 2018. A true and correct transcript of the Hearing is annexed hereto as Exhibit A.

12. During the Hearing, Ms. Evans handed to Petitioner's counsel a document purporting to provide certain of the categories of information set forth in the Order to Show Cause. A true and correct copy of that document is annexed hereto as Exhibit B.

13. At the conclusion of the Hearing the Court directly ordered Etra, on threat of contempt, to return $400,000 from his escrow account to Petitioner. The Court also ordered, on threat of contempt, that all of the documents and information ordered to be produced by the Court's previous orders be produced forthwith. Following the Hearing, Etra transferred $400,000 from his IOLA account to Petitioner's counsel.

14. On November 19, 2018, Mr. Etra sent an email to Petitioner's counsel (annexed hereto as Exhibit C), attaching only a two-page sheet of paper purporting to respond to the categories of information demanded in the Order to Show Cause (annexed hereto as Exhibit D), eight pages of purported wire instructions and confirmations, of which two merely showed Etra's

return of the $400,000 he had improperly withheld (annexed hereto as Exhibit E, with account numbers redacted), and a 16-page compilation of emails <u>between himself and Petitioner</u> (annexed hereto as Exhibit F).

15. On the same date, Evans sent two emails to Petitioner's counsel, with attachments (annexed hereto as Exhibits G and H) supplementing the little information she had provided at the hearing (Ex. B) by providing purported contact information for both "Dmitri Kaslov" and "Ming Huang Lo," the same information previously attached to Etra's email.

16. I replied to Mr. Etra's email (Ex. C) informing him that the documents supplied were deficient, and offering to give him until 5 p.m. on November 19, 2018 to provide <u>all</u> communications between himself and the various involved third parties ("Valkyrie Group LLC, Valhalla Venture Group LLC, Brandon Austin, Hugh Austin, Tracy Evans, 'Dmitri,' and Ming Hoang Le, or any of their affiliates, representatives and/or agents") which the Court had ordered him to produce in the October 19 Order (incorporating the Order to Show Cause) and again at the Hearing. A true and correct copy of my email to Etra is annexed hereto as Exhibit I

17. Mr. Etra replied to that email, complaining that I had taken a "threatening approach notwithstanding full cooperation and fulfillment of the requirements of the Order from Judge Batts" and further asserting that "there is no deficiency in what has been provided to your firm." A true and correct copy of this email is annexed hereto as Exhibit J.

18. Mr. Etra replied to my email a second time on November 20, 2018, to which email he attached the same sixteen pages of emails between himself and Petitioner and the same purported wire instructions and confirmations, and again professed that his minimal submissions "were and are meant to be fully cooperative and compliant with the Order." A true and correct copy of this email is annexed hereto as Exhibit K.

4

19. At 3:48 p.m. on November 14, 2018, prior to the Hearing, I received a call from Michael Hess, who informed me, as he had on previous occasions, that he was calling as Mr. Etra's friend and not as his counsel, and that he did not intend to appear for Mr. Etra.

20. Mr. Hess stated that, according to Mr. Etra, things were "moving" and Mr. Etra had located "three buyers" willing to consummate the Bitcoin transaction. I reminded Mr. Hess that Petitioner had terminated the escrow with Mr. Etra by a Notice of Termination dated October 12, 2018 (a copy of which had also been directed to Mr. Hess) and that Petitioner expected to receive its money back, along with the information that the Court had ordered to be produced both in the October 19 Order and at the Hearing.

21. Mr. Hess stated that he would relay my message to Etra. He did not mention being ill and at no time did he evince an intention to appear at the Hearing the next day.

22. As of the date and time of this declaration, apart from 16 pages of emails between himself and Petitioner, Mr. Etra has provided <u>no communications</u> "between and among any of himself, Valkyrie Group LLC, Valhalla Venture Group LLC, Brandon Austin, Hugh Austin, Tracy Evans, 'Dmitri,' and Ming Hoang Le, or any of their affiliates, representatives and/or agents, concerning the Bitcoin Agreement, the Escrow Agreement, and/or the funds deposited by Benthos into Etra's lOLA account" (Order to Show Cause at ¶ 4(a)) as ordered by the Court in the October 19 Order and again at the Hearing on November 15, 2018.

23. Petitioner urgently needs these communications to locate whatever remains of the $5,000,000 it placed into Etra's escrow account, the majority of which Mr. Etra apparently sent to the Hong Kong account of a stranger to the transaction, "HK Zhixuan Trading Limited," on the instructions of another stranger to the transaction, "Dmitri Kaslov." *See* Ex. C. Etra has produced nothing evidencing his authority to make this transfer, nor has he produced any communications between himself and the person or persons he purportedly sent the money to.

24. The Court has repeatedly ordered that these communications be produced, and Etra has refused. Indeed, Mr. Etra accuses me of "harassment" and purports to reserve his rights to "seek redress" against me and my co-counsel for (again) asking that these documents be produced and even affording him additional time to produce them. *See* Ex. J.

25. Pursuant to Local Civil Rule 83.6, I hereby certify that Petitioner has incurred legal fees of approximately $20,000 in the bringing of this motion, which fees were necessitated by Etra's contempt as detailed above and which are therefore claimed as damages.

In accordance with 28 U.S.C. Section 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at 9:55 p.m. on November 20, 2018 at New York, New York.

_____
Joshua Kaufman Bromberg