# The Law Office of David S. Hammer

500 Fifth Ave., 34th Fl. ● New York, New York 10110 ● (212) 941-8118 ● Fax: (212) 764-3701

December 7, 2018

**BY ECF and E-Mail**

Hon. Deborah A. Batts
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 24B
New York, NY 10007

    Re:    Benthos v. Etra and Evans, Case No. 18-cf-9401 (DAB)

Dear Judge Batts:

    On November 28, 2018, I filed a letter asserting that Aaron Etra had complied with the directives in the Court's order of October 19, 2018 (the "October 19th Order") and thus should not be held in contempt. More specifically, I noted that Etra had: (1) returned all funds deposited by Petitioner Benthos that remained in his (Etra's) IOLA account, and (2) produced all communications in his possession between and among the parties to the Bitcoin Transaction, to the extent such communications concerned the Bitcoin Transaction.

    There was, however, a set of communications between and among the participants in the Bitcoin Transaction that – at the time of my letter -- Mr. Etra had not produced. These were communications concerning the search for a *new* buyer, in particular a buyer who could supplement the $5 million that Benthos had contributed with another $850,000, thus meeting the minimum necessary to consummate the Bitcoin Transaction. As my letter of November 28th stated, it was Mr. Etra's position that the Court's October 19th Order did not require the production of these "Supplementary Buyer" communications; that Order, in our reading, directed Etra to produce communications concerning the Benthos Bitcoin Agreement, the Benthos-Etra Escrow Agreement and/or the funds deposited by Benthos into Etra's IOLA account. The Supplementary Buyer communications, however, concerned an entirely different set of documents: communications concerning a new buyer who would invest new money under a new Bitcoin Agreement and a new Escrow Agreement.

    At the time I filed my November 28th letter, I had relied on Mr. Etra's description of the documents he had withheld, a fact I disclosed to the Court; since at the time I filed the letter Mr. Etra was in Europe, he was unable to produce (and I was unable to review) the communications for my personal review. I had, however, directed Mr. Etra to provide me on his return with a copy of all communications in his possession, *regardless of subject matter,* involving any of the

1

participants in the Bitcoin Transaction, for calendar year 2018. Mr. Etra returned to the United States on November 30, 2018 and over the following two days provided me with the communications I had requested, which I finished reviewing by Monday December 3, 2018. In my judgment, all but 3 of the communications concerned Supplementary Buyers rather than Benthos and fell outside the October 19th Order.

On December 4, 2018, I met with Mr. Etra at my office and went over with him each of the communications he had withheld. As a result of our meeting, Mr. Etra agreed to waive all objections to the production of the Supplementary Buyer communications – objections I had agreed were well taken. His only caveat to complete production was that we should redact the name and corporate affiliation of any potential new buyer before producing their communication. The redaction of this information was necessary in his view because potential buyers would be sensitive to the disclosure of their name and affiliation, and the consequent possibility that they would be drawn into a legal action.

Later on December 4, 2018, I hand delivered all of the previously withheld documents to the offices of Benthos's counsel. In addition, I delivered an affidavit from Mr. Etra, in which he stated under oath that:

> 7. With the production of this new set of documents, previously withheld, counsel for Benthos has all communications in my possession involving myself and/or Valkyrie Group LLC, Valhalla Venture Group LLC, Brandon Austin, Hugh Austin, Traci Evans, 'Dmitri. And Ming Hoang Le, or any of their affiliates, representatives and/or agents, concerning any subject including but not limited to the Bitcoin Agreement, the Escrow Agreement, and/or the funds deposited by Benthos into my IOLA account.

With the production of the Supplementary Buyer communications, Benthos now has the entire corpus of emails and attachments between and among Mr. Etra and the other participants in the Bitcoin Transaction. Nothing has been withheld except for the names and corporate affiliations of potential new buyers.

I provide this letter in order to inform the Court of the extent of Mr. Etra's document production. I will supplement this letter as soon as possible with a response to the December 4, 2018 letter of Steven Popofsky, asking the Court to order additional disclosures and impose additional sanctions.

Very truly yours,

*David S. Hammer*

David S. Hammer
Attorney for Aaron Etra